UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EDWAN DONALD STAV,       )
# 208231,                  )
                            )
        Petitioner,    )    Case No. 1:13-cv-1185
                            )
v.                        )    Honorable Paul L. Maloney
                            )
CARMEN D. PALMER,      )    **MEMORANDUM OPINION**
                            )
        Respondent.   )
_____)

       This is a habeas corpus proceeding brought *pro se* by a state prisoner pursuant to 28 U.S.C. § 2254.  Petitioner seeks to overturn his plea-based convictions in Emmet County Circuit Court.  Petitioner's convictions stem from a January 3, 2010, incident in which petitioner shot and killed Nick Sowers.

       On February 16, 2010, petitioner pled no contest, pursuant to a plea agreement, to six criminal charges.  In exchange, the prosecutor agreed to dismiss thirteen other charges against petitioner, including a charge of open murder, which carried a maximum sentence of life imprisonment.  Petitioner pled to three primary offenses:  use of firearm causing death, Mich. Comp. Laws § 750.237(4), felon in unlawful possession of a firearm, Mich. Comp. Laws § 750.224f, and assault with a dangerous weapon, Mich. Comp. Laws § 750.82.  Petitioner's sentences for these crimes were subject to enhancement based on his status as an habitual offender, fourth felony offense.  Petitioner also pled guilty to three felony-firearm counts, Mich. Comp. Laws § 750.227b.

Judge Charles Johnson sentenced petitioner to concurrent terms of 33 to fifty years' imprisonment for use or discharge of a firearm causing death, 19 to forty years' imprisonment for being a felon in possession of a firearm, ten to fifteen years' imprisonment for assault with a dangerous weapon, and a consecutive term of two years' imprisonment for his felony-firearm convictions.

After unsuccessful attempts to overturn his convictions and sentences in state court, petitioner filed this habeas corpus petition. Petitioner seeks federal habeas corpus relief on the following grounds:

I.  Petitioner was "denied his fundamental due process protections to a fair trial" under the Constitution "when the trial court arraigned petitioner in circuit court, without first having acquired subject-matter jurisdiction over petitioner, creating a jurisdictional defect that not only voids petitioner's convictions, but which demands his immediate release[.]"

II.  Petitioner was "denied his fundamental due process protections to a fair trial" under the Constitution "when the prosecution and the police fabricated and misrepresented evidence that tainted petitioner's entire criminal proceeding, and created yet another jurisdictional defect, [a]nd which manifest injustice demands petitioner's immediate release from custody[.]"

III.  Petitioner was "denied his fundamental due process protections to a fair trial" under the Constitution "when the trial court acquiesced control of the proceedings, that resulted in structural error by and through a defective plea process, which mandates petitioner's immediate release from custody[.]"

IV.  Petitioner was "denied his fundamental due process protections to a fair trial" under the Constitution "when trial counsel not only sabotaged petitioner's criminal proceedings, but the[n] abandoned petitioner, which conduct resulted in structural error that mandates petitioner's immediate release from custody[.]"

V.  Petitioner was "denied his fundamental due process protections to a fair trial" under the Constitution "when appellate counsel

sabotaged petitioner's appeal, and then abandoned petitioner, which conduct resulted in structural error that mandates petitioner's immediate release from custody[.]"

VI.    "The circuit court judge erroneously granted the petitioner an upward departure of 14 years above the high end of the guideline range [under Michigan's sentencing guidelines] without making proper findings pursuant to the Gary Smith[1] case."

(Petition at 1-6, ECF No. 1, PageID.1-7; Petitioner's Brief at ix-xi, ECF No. 3, PageID.36-38).[2]

Respondent argues that all six grounds raised by petitioner lack merit. (Answer at 26-70, ECF No. 9, PageID.132-76). In addition, respondent argues that Grounds II, III, IV and V, are barred by procedural defaults and petitioner has not shown cause and prejudice or actual innocence to overcome those defaults. (*Id.* at 4, 32-36, 45-49, 57, 71, PageID.110, 139-42, 151-55, 163, 177).

After review of the state-court record, the Court concludes petitioner has not established grounds for federal habeas corpus relief. Petitioner has not shown that the state court decisions rejecting the grounds raised in the petition were "contrary to, or involved an unreasonable application of, clearly established Federal law, as

---

[1]*People v. Smith*, 754 N.W.2d 284 (Mich. 2008).

[2]Petitioner's claims based on alleged violations of Michigan's constitution have been disregarded. Federal habeas corpus relief is available to a person in custody pursuant to the judgment of a State court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Paragraph 12 of the petition lists only four grounds on which petitioner claims entitlement to habeas corpus relief. (ECF No. 1, PageID.4-7). The Court has indulgently considered the fifth and sixth grounds, which appear in petitioner's brief (ECF No. 3, PageID.38) as if they had been listed in his habeas corpus petition.

-3-

determined by the Supreme Court of the United States" or were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[s]."[3]  28 U.S.C. § 2254(d).  The petition will be denied.

## Standard of Review

The Court's review of this petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001).  AEDPA "dictates a highly deferential standard for evaluating state-court rulings which demands the state court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (citations omitted).  "AEDPA requires heightened respect for state court factual and legal determinations."  *Lundgren v. Mitchell*, 440 F.3d 754, 762 (6th Cir. 2006). "State-court factual findings [] are presumed correct; the petitioner has the burden of rebutting the presumption by clear and convincing evidence."  *Davis v. Ayala*, 135 S. Ct. 2187, 2199-2200 (2015) (citations and internal quotations omitted).

If a state court adjudicated the claim, deferential AEDPA standards must be applied.  28 U.S.C. § 2254(d);  *see Premo v. Moore*, 562 U.S. 115, 121 (2011); *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009); *Holder v. Palmer*, 588 F.3d 328,

---

[3]Both the Supreme Court and the Sixth Circuit have indicated that this Court has discretion to ignore a procedural default and proceed directly to the merits of an apparently defaulted claim, when to do so would be more expeditious than an analysis of the complicated procedural default question.  *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *Bales v. Bell*, 788 F.3d 568, 573 (6th Cir. 2015); *Scott v. Houk*, 760 F.3d 497, 506 (6th Cir. 2014).  In the present case, the grounds raised by petitioner are meritless, so a detailed analysis of the complicated procedural default issues is unnecessary.

341 (6th Cir. 2009) (("[A]ny claim that was adjudicated on the merits in State court proceedings' is subject to AEDPA deference.") (quoting 28 U.S.C. § 2254(d)). AEDPA prevents federal habeas "retrials" and ensures that state court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). It prohibits "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Parker v. Matthews*, 132 S. Ct. 2148, 2149 (2012) (*per curiam*).

The AEDPA standard is difficult to meet "because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "Section 2254(d) reflects that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error corrections through appeal." *Id.* at 102-03 (citation and internal quotation omitted); *see Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). Section 2254(d) states that an application for a writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see White v. Wheeler*, 136 S. Ct. 456, 460 (2015); *Davis v. Ayala*, 135 S. Ct. at 2198; *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).

-5-

The only definitive source of clearly established federal law for purposes of § 2254(d)(1) is the holdings—not dicta—of Supreme Court decisions. *White v. Woodall*, 134 S. Ct. at 1702; *see Woods v. Donald*, 135 S. Ct. at 1377 ("Because none of our cases confront 'the specific question presented by this case,' the state court's decision could not be 'contrary to' any holding from this Court."). "[W]here the precise contours of a right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *Id.* (quotations and internal citations omitted).

An unreasonable application of the Supreme Court's holding must be "'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *White v. Woodall*, 134 S. Ct. at 1702 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)). Rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 134 S. Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. at 103). "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,' " and "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Hill v. Curtin*, 792 F.3d 670, 677 (6th Cir. 2015) (quoting *Parker v. Matthews*, 132 S. Ct. at 2155); *see Glebe v. Frost*, 135 S. Ct. 429, 431 (2014) (*per curiam*) ("As we have repeatedly emphasized, [] circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.'").

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010).  Section 2254 (d)(2) requires that this Court accord the state trial court substantial deference.  If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.  *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013).

### Findings of Fact

#### A.    Circuit Court Proceedings

The transcript of the plea hearing indicates that Judge Johnson reviewed with petitioner the trial rights that he was giving up by pleading no contest.  Petitioner signed the Advise of Rights Form.  Petitioner read the form and understood it before he added his signature.  He understood his plea agreement.  Petitioner related that his no contest pleas were his own decision.  They were not the result of any threats.  They were not based any promises outside the plea agreement.  (ECF No. 10-3, PageID.196-99).  Petitioner pled no contest to six felonies:  Count 3, use of a firearm causing death; Count 4, felony firearm; Count 10, felon in unlawful possession of a firearm; Count 11, felony firearm; Count 16, assault with a dangerous weapon; and Count 17, felony firearm.  (*Id.* at PageID.198-99).

Petitioner was present in Redmond Township, Emmet County on January 3, 2010.  He had consumed a large amount of alcohol on that date.  (*Id.* at PageID.199-200).  Petitioner testified that as a result of his alcohol consumption and intoxication, he was

unable to accurately recall all of the events that had occurred.  Judge Johnson addressed

the factual basis for petitioner's no contest pleas:

> THE COURT: [Y]ou are willing, pursuant to the plea agreement, to have the Court review and rely upon the police reports and the affidavit of probable cause filed in this matter for both the purposes of establishing a factual basis for your plea and for the purpose of your sentencing?
>
> MR. STAV: Yes, sir.
>
> * * *
>
> THE COURT: . . . The Court has reviewed the affidavit, both before coming into Court and again today, or just now.  The Court previously reviewed the police reports in this matter.  Do Counsel agree that they establish the elements of the offenses to which the Defendant has pled?
>
> MR. LINDERMAN: The People would agree, Judge.
>
> MR. KLAWUHN: Defense, likewise, agrees.

(*Id.* at PageID.200-01).  Petitioner admitted that he had been convicted of all the crimes

that formed the basis for sentencing him as an habitual offender.  (*Id.* at PageID.201-02).

The attorneys agreed that Judge Johnson had complied with the requirements of

Michigan's court rules for accepting petitioner's no contest pleas.  (*Id.* at PageID.202-03).

Judge Johnson held that petitioner's no contest pleas were knowing and voluntary.  (*Id.*

at PageID.202).

On March 29, 2010, Judge Johnson conducted a sentencing hearing.  (ECF No. 10-

4).  Judge Johnson reviewed petitioner's long and disturbing history of violent crimes,

which included five felony and seven misdemeanor convictions.  Petitioner had two

convictions for assault with a dangerous weapon, one conviction for assault with intent

-8-

to do great bodily harm, one conviction for resisting arrest resulting in injury, and three convictions for assault and battery. (*Id.* at PageID.216-17). Petitioner's scores on the prior record variables and his offense variables "greatly exceeded the scores necessary to achieve the highest or longest ranges" under Michigan's sentencing guidelines. (*Id.* at PageID.217). Judge Johnson found that the guidelines "fail[ed] to adequately reflect the seriousness of [petitioner's] criminal record, and the gravity of his criminal conduct[.]" (*Id.* at PageID.218). Petitioner's "history of violent crime coupled with his continual disregard for the law and the rights and safety of others coupled with his continued substance abuse add[ed] up to a propensity to drink and commit violent crimes which necessitate[d] a longer sentence than that provided by the guidelines to adequately protect the public. (*Id.*). Further, petitioner had a history of non-compliance with probation and parole. He committed the crimes for which he was being sentenced while he was "on the status of absconding from probation." (*Id.*). Judge Johnson noted that through his plea bargain, petitioner had secured dismissal of more serious charges against him, including extortion and open murder. (*Id.* at PageID.218-19). Judge Johnson sentenced petitioner to 33 to fifty years' imprisonment for use or discharge of a firearm causing death, 19 to forty years' imprisonment for being a felon in possession of a firearm, ten to fifteen years' imprisonment for assault with a dangerous weapon, and a consecutive term of two years' imprisonment on the felony-firearm convictions. (*Id.* at PageID.219; Judgment of Sentence Commitment to Corrections Department, ECF No. 10-5, PageID.222-23).

### B.      Subsequent Proceedings

Petitioner's appellate counsel filed an application seeking leave to appeal in the Michigan Court of Appeals. (ECF No. 10-6, PageID.227-39). He raised the challenge to petitioner's sentence, which now appears as Ground VI in the habeas corpus petition. (*Id.* at PageID.232). On September 7, 2010, the Michigan Court of Appeals denied petitioner's application for leave to appeal "for lack of merit in the grounds presented." (ECF No. 10-6, PageID.224).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court. (ECF No. 10-7, PageID.256-58). He raised the same challenge to his sentence that had been rejected by the Michigan Court of Appeals for lack of merit. (*Id.* at PageID.257). On March 8, 2011, the Michigan Supreme Court denied petitioner's application. (*Id.* at PageID.241).

Petitioner filed a motion for relief from judgment in the Emmet County Circuit Court. (ECF No. 10-8, PageID.319-63). He raised issues corresponding to Grounds I through V of his habeas corpus petition. (*Id.* at PageID.327-29). On April 19, 2012, Judge Johnson denied petitioner's motion because all his claims were "without factual or legal merit." (ECF No. 10-10, PageID.393).

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. (ECF No. 10-11, PageID.402-48). On December 14, 2012, the Michigan Court of Appeals denied petitioner's application for leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCF 6.508(D)." (*Id.* at PageID.394). Petitioner sought leave to appeal to Michigan's highest court. (ECF No.

10-12, PageID.450-58).    On July 30, 2013, the Michigan Supreme Court denied petitioner's application for leave to appeal because he "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  (*Id.* at PageID.449).

On October 29, 2013, petitioner filed his habeas corpus petition.

## Discussion

### I.       Jurisdiction

In Ground I, petitioner claims that the trial court lacked subject-matter jurisdiction.  He argues: (1) that the felony complaint was invalid because it was authorized by an assistant prosecutor rather than the prosecutor; (2) the felony complaint lacked information to support an independent judgment that probable cause existed for the felony warrant to be issued; and (3) petitioner's arrest was predicated on a null and void affidavit.  (Petition at 3, ECF No. 1, PageID.4; Petitioner's Brief at 3-11, ECF No. 3, PageID.41-49).

Petitioner's arguments in Ground I do not provide a basis for federal habeas corpus relief.  The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts.  *Wills v. Egeler*, 532 F. 2d 1058, 1059 (6th Cir. 1976); *Nelson v. Jackson*, No. 2:16-cv-12260, 2016 WL 6441287, at * 4 (E.D. Mich. Oct. 31, 2016).  It is well-settled that a purported violation of state law does not provide a basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Id.*  "A state court's interpretation of state

jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001); *see Milner v. Hoffner*, No. 16-10127, 2017 WL 24793, at *10 (E.D. Mich. Jan. 3, 2017); *Longenecker v. Morris*, 1:11-cv-1276, 2011 WL 6299068, at *2 (W.D. Mich. Dec. 16, 2011). Petitioner's claim that the trial court lacked jurisdiction to try his case raises only state law issues. Thus, to the extent that petitioner challenges the state court's jurisdiction over his criminal case, he fails to state a claim on which federal habeas corpus relief may be granted.

Any Fourth Amendment challenge to the validity of the arrest warrant and criminal complaint is non-cognizable on habeas review because petitioner had the opportunity to challenge the legality of the arrest warrant and complaint. A federal habeas review of a petitioner's arrest is barred where the state has provided a full and fair opportunity to litigate an illegal arrest. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *See Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982); *see also Hurick v. Woods*, No. 16-1554, 7093988, at *3 (6th Cir. Dec. 5, 2016). Michigan provided the requisite procedural mechanism and petitioner had a full and fair opportunity to bring Fourth Amendment challenges to his arrest and charging documents. *See Nelson v. Jackson,* 2016 WL 6441287, at *4-5; *Hurick v. Woods*, No. 2:14-cv-81, 2016 WL 1127971, at *5-6 (W.D.

Mich. Mar. 23, 2016); *Steele v. Warren*, No. 2:11-cv-12064, 2014 WL 4829556, at *5 (E.D. Mich. Sept. 29, 2014).

Petitioner's assertion that the criminal complaint filed against him was invalid because it was not supported by probable cause is not a basis for federal habeas corpus relief.  There is no general right to a probable cause determination before trial.  *See Gerstein v. Pugh*, 420 U.S. 103, 125 n.26 (1975); *see also Cornelius v. Prelesnik*, No. 1:13-cv-992, 2016 WL 5538045, at *7 (W.D. Mich. Sept. 30, 2016); *Orlando v. Smith*, No. 13-15203, 2014 WL 555182, at *2 (E.D. Mich. Feb. 12, 2014).

Further, although the Fourth Amendment requires probable cause to support an arrest, the propriety of an arrest is irrelevant to the constitutional validity of any subsequent conviction.  "An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474 (1980).  The presence or absence of probable cause sufficient to arrest or detain a person is irrelevant to the ultimate validity of an ensuing conviction:

> Nor do we retreat from the established rule that illegal arrest or detention does not void a subsequent conviction. *Frisbie v. Collins*, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); *Ker v. Illinois*, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886).  Thus, as the Court of Appeals noted below, although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause.

*Gerstein v. Pugh*, 420 U.S. 103, 119 (1975).  Petitioner is in the MDOC's custody on the basis of his plea-based convictions, and the presence or absence of probable cause to

support a charging document or his arrest is irrelevant to the continuing validity of that custody.

Finally, even assuming that petitioner's jurisdictional challenges had constitutional underpinnings, he cannot overcome the deference to which the state-court decision rejecting these claims is entitled. Judge Johnson found that all petitioner's claims of jurisdictional defects lacked merit. Petitioner's first claim was meritless because the Michigan Court of Appeals had "specifically rejected" petitioner's jurisdictional argument based on an assistant prosecutor's signature. (ECF No. 10-10, PageID.390). Petitioner's second claim of a jurisdictional defect fared no better: "The amended felony complaint issued against [petitioner] was authorized by the Magistrate on January 13, 2010, based upon the amended affidavit of probable cause likewise dated January 13, 2010. The amended affidavit set[] forth ample factual support for the Magistrate's determination of probable cause to support the issuance of the complaint and the warrant for [petitioner's] arrest. Thus, this claim of a jurisdictional defect is without merit." (*Id.* at PageID.390-91). Judge Johnson rejected petitioner's third claim of a jurisdictional defect based on an assertion that his arrest had been predicated on a null and void affidavit. Judge Johnson found that although petitioner claimed gross prosecutorial and police misconduct, no such misconduct had been shown. (*Id.* at PageID.391).

The Court finds that petitioner has not shown that the state-court decision rejecting all the arguments found in Ground I was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States" or an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## II.    Evidence

In Ground II, petitioner argues that the prosecution and the police fabricated and misrepresented evidence in order to obtain a conviction. He contends that his blood alcohol content was so high that it was physically impossible for him to have committed the crimes. (Petition at 4, ECF No. 1, PageID.5; Petitioner's Brief at 12-16, ECF No. 3, PageID.50-54).

Judge Johnson rejected petitioner's claim for lack of merit. Petitioner's argument was based on the false premises that his blood alcohol content would have necessarily rendered him comatose and that the police and prosecutor intentionally misled a magistrate in order to obtain the arrest warrant. "The record before the Court established that [petitioner] was a frequent and heavy drinker. Also there was no evidence which establishe[d] that [petitioner] did not consume additional alcohol between the time of the shooting and the time when he was arrested." (ECF No. 10-10, PageID.391). Further, petitioner presented "nothing to factually support his argument that 'the prosecution and police fabricated and misrepresented evidence in order to obtain a conviction.' " (*Id.*). Petitioner knowingly and voluntarily entered his no contest pleas. (*Id.*). He waived his constitutional right to test the strength of the prosecution's evidence against him at trial. *See Brady v. United States*, 397 U.S. 742, 757 (1970); *see also Post v. Bradshaw*, 621 F.3d 406, 426-27 (6th Cir. 2010); *Marin v. Rapelje*, No. 2:14-cv-11436, 2016 WL 4362865, at *4 (E.D. Mich. Aug. 16, 2014).

-15-

The Court finds that Ground II does not provide a basis for federal habeas corpus relief.  28 U.S.C. § 2254(d).

## III.  No Contest Pleas

In Ground III, petitioner claims that there was an inadequate factual basis for his no contest pleas.  (Petition at 5, ECF No. 1, PageID.6; Petitioner's Brief at 17-21, ECF No. 3, PageID.55-59).

Judge Johnson rejected this claim for lack of merit.  Petitioner was not deprived of his right to a fair trial.  There was "no trial" because petitioner knowingly and voluntarily entered no contest pleas pursuant to a plea agreement.  (ECF No. 10-10, PageID.391-92).  Petitioner presented no evidence supporting his assertion that his pleas were "invalid and coerced."  (*Id.* at PageID.392).  To the contrary, petitioner's own testimony establish that his pleas were voluntary and not coerced.  The benefits that petitioner received through his plea agreement were real, not illusory.  (*Id.* at PageID.392).  Petitioner "received the benefit of his plea agreement, in that numerous additional charges against him were dismissed," including a charge of open murder which carried a maximum sentence of life imprisonment.  (*Id.*).

Petitioner's argument that his plea should be set aside because the trial court judge failed to elicit an adequate factual basis for his guilty plea falters on the first step of analysis under AEDPA — it is not founded on clearly established holdings of the Supreme Court.  The Supreme Court has never held that the federal Constitution requires that the state court establish a factual basis for a no contest or guilty plea before accepting it.  There is no federal constitutional requirement that a court

-16-

establish an adequate factual basis for a guilty plea. *See North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970); *Post v. Bradshaw*, 621 F.3d 406, 427 (6th Cir. 2010); *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995). "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. at 37. In *Haring v. Prosise*, 462 U.S. 306, 318 (1983), the Supreme Court noted that a defendant's decision to plead guilty or no contest may have any number of motivations that are not related to guilt or evidence thereof, including "a prospect of a favorable plea agreement, or the expectation or hope of a lesser sentence" than might be imposed after an unsuccessful trial. As long as the plea is voluntary and intelligent, the federal Constitution is satisfied. *See Alford*, 400 U.S. at 37-38. The requirement that a factual basis be established for a plea is a creature of state law, not the federal Constitution. *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975).

Judge Johnson had the opportunity to hear petitioner's testimony and view petitioner's demeanor throughout the plea hearing. He found that petitioner's no contest pleas were knowing and voluntary. These findings are entitled to deference under AEDPA. The test for determining the validity of a plea is " 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. at 31). The state court findings that petitioner's no contest

pleas were knowing and voluntary easily pass review under deferential AEDPA standards.  28 U.S.C. § 2254(d).

## IV.   Sixth Amendment

### A.   Trial Counsel

In Ground IV, petitioner claims ineffective assistance of trial counsel.  He claims that his attorney "sabotaged" the proceedings and "abandoned" petitioner by not raising the issues that petitioner later raised in his motion for relief from judgment. (Petition at 6, ECF No. 1, PageID.7; Petitioner's Brief at 22-28, ECF No. 3, PageID.60-66).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel.  To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome.  A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Petitioner bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).  On the prejudice prong, petitioner "must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Because the trial court decided petitioner's claims of ineffective assistance of counsel on their merits, its decision must be afforded deference under AEDPA.  *See Burt v. Titlow*, 134 S. Ct. 10, 15-16 (2013); *Harrington v. Richter*, 562 U.S. at 98-102. To receive habeas relief, petitioner must demonstrate that the state court's decision was contrary to, or represented an unreasonable application of, *Strickland v. Washington.  See Bell v. Cone*, 535 U.S. 685, 698-99 (2002).

Hence, it is not enough to convince the federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, petitioner must show that the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner."[4] *Bell*, 535 U.S. at 699; *see Campbell v. Bradshaw*, 674 F.3d 578, 586-87 (6th Cir. 2012).  This creates a "high burden" for petitioner.  *See Carter v. Mitchell*, 443 F.3d 517, 525 (6th Cir. 2006); *see also Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013).  "[B]ecause the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Supreme Court decisions describe this as "the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard."

---

[4]Petitioner has not shown that the state court decision finding that the *Strickland* standard, rather than the *Cronic* standard, applied was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  *See Woods v. Donald*, 135 S. Ct. 1372, 1375-77 (2015).

*Knowles*, 556 U.S. at 123; *see Woods v. Donald*, 135 S. Ct. at 1375-77; *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003) (*per curiam*). The question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Premo v. Moore*, 562 U.S. 115, 123 (2011); *see McGowan v. Burt*, 788 F.3d 510, 515 (6th Cir. 2015). Petitioner must show that the state court's ruling on the claim being presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Woods v. Donald*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. at 103); *see also Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (*per curiam*).

Judge Johnson rejected petitioner's claims of ineffective assistance of counsel for lack of merit. (ECF No. 10-10, PageID.393). The Court finds that petitioner has not shown that the state-court decision rejecting his claims of ineffective assistance of trial counsel were "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" under the "doubly deferential" standard of review. 28 U.S.C. § 2254(d)(1).

B.    Appellate Counsel

In Ground V, petitioner argues that his appellate counsel sabotaged his appeal and abandoned him by not raising the issues that petitioner later raised in his motion for relief from judgment. (Petitioner's Brief at 29-32, ECF No. 3, PageID.67-70).

Claims of ineffective assistance of appellate counsel are measured under the *Strickland* standards. *See Evitts v. Lucey*, 469 U.S. 387 (1985). The trial court was

correct that petitioner did not have a constitutional right to have every nonfrivolous issue raised on appeal. (ECF No. 10-10, PageID.393).  Appellate counsel acts within the fair range of professional assistance when counsel chooses not to assert weak or unsupported issues on appeal.  *See Smith v. Murray*, 477 U.S. 527, 536 (1986).  Tactical choices regarding issues on appeal are properly left to the sound judgment of counsel. *See United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). " 'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of appellate advocacy."  *Smith v. Murray*, 477 U.S. at 536 (quoting *Jones v. Barnes*, 463 U.S. at 751-52).  Where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, "it is difficult to demonstrate that counsel was incompetent."  *Smith v. Robbins*, 528 U.S. 259, 288 (2000).  To overcome the presumption of competence of appellate counsel in these circumstances, petitioner must show that the omitted issues were "clearly stronger" than those counsel chose to assert.  *Id.*; *see Bourne v. Curtin*, 666 F.3d 411, 414 (6th Cir. 2012).  Appellate counsel has no duty to raise meritless issues.  *Evitts*, 469 U.S. at 394; *Jones v. Barnes*, 463 U.S. 745, 753-54 (1983); *Lewis v. Alexander*, 11 F.3d 1349, 1354 (6th Cir. 1993).

As for prejudice, the court focuses on whether "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair," *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), and "[t]he defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. at 694.

Consequently, counsel's failure to raise an issue on appeal is ineffective assistance "only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005).

The arguments that petitioner raised in his motion for relief from judgment were "utterly without merit." (ECF No. 10-10, PageID.393). Petitioner suffered no prejudice stemming from his appellate counsel's decision not to raise those arguments on direct appeal. The Court finds that the trial court's decision rejecting all petitioner's claims of ineffective assistance of counsel easily withstands scrutiny under the "doubly deferential" standard of review. *See* 28 U.S.C. § 2254(d)(1).

## V.    Sentencing

Ground VI is petitioner's claim that the trial court erred in making an upward departure from Michigan's sentencing guidelines. The three cases that petitioner cites in support of his argument are decisions of Michigan's highest court, not decisions of the Supreme Court of the United States. (Petitioner's Brief at 33-37, ECF No. 3, PageID.71-75).

State courts are the final arbiters of state law. *Bradshaw v. Ritchey*, 546 U.S. 74, 76 (2005). Here, the Michigan Court of Appeals rejected petitioner's challenge to his sentence for lack of merit. (ECF No. 10-6, PageID.224). "Federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. at 67; *see* 28 U.S.C. § 2254(a); *see also Kisser v. Palmer*, 826 F.3d 898, 902 (6th Cir. 2016). Ground VI does not provide a basis for federal habeas corpus relief.

## VII.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDonnell*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.  Consequently, the Court has examined each of petitioner's claims under the *Slack* standard.

Petitioner cannot demonstrate that reasonable jurists would find that the denial of habeas corpus relief on each of the grounds raised in his petition is debatable or wrong. *See Slack*, 529 U.S. at 484.  Accordingly, the Court will enter an order denying petitioner a certificate of appealability.

## Conclusion

For the foregoing reasons, the habeas corpus petition will be denied.


Dated:   February 8, 2017            /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     United States District Judge